UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND ZIELINSKI, NATHALIE ZIELINSKI,
RAYMOND HELD, DOROTHY HELD, ROBERT
BALLENGER, VIOLA BALLENGER, PETER
CIURRO and LAVERNE CIURRO,
individually and as a class of persons similarly
situated,

Plaintiffs,

v.

PABST BREWING COMPANY, INC.,
a Delaware corporation,

Defendant.
_____/



U.S. DIST. COURT EAST DIST. WISC
FILED
JUL 1 5 2009
AT_____O'CLOCK_____M
JON W. SANFILIPPO, CLERK

Case No. 04-C-0385
Hon. Rudolph T. Randa

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter comes before the Court for approval of the Settlement Agreement dated May 11, 2009 (the "Settlement Agreement"). A notice of a class action settlement hearing was issued on or before May 26, 2009 (the "Notice"). The Court held a hearing on July 15, 2009 for the purposes of determining whether the terms of the Settlement Agreement are fair, reasonable, and in the best interests of the Class (the defined terms set forth herein shall have the same meaning given to them in the Settlement Agreement). The Court having considered the Settlement Agreement and its exhibits, all papers filed and proceedings had herein, it is hereby ORDERED ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Class.

2. The Class, as certified by the Court's order of November 30, 2005, consists of all persons who as of December 31, 2003 were receiving health benefits from Pabst pursuant to the Shutdown Agreement, including retirees, spouses and surviving spouses.

3. This Court hereby approves the terms of the settlement set forth in the Settlement Agreement described above and finds that the settlement agreed to therein is, in all respects, fair, reasonable and adequate to the Class.

4. The Parties shall comply with the terms of the Settlement Agreement.

5. This Court hereby dismisses, with prejudice to the Class, each and every claim in the above-captioned case.

6. All Class Members and anyone claiming on behalf of or through a Class Member are hereby forever barred and enjoined from instituting or prosecuting, either directly or indirectly, against Pabst, its subsidiaries, affiliates, and its and their officers, directors, shareholders, employees, attorneys and agents, its and their respective successors and assigns, heirs, executors, and administrators ("Releasees") any and all rights, claims or causes of action, whether known or unknown, that are based on the Shutdown Agreement, that relate to health benefits, or that involve the same or similar claims or allegations as this litigation, which have arisen or could have arisen up to and including the Effective Date.

7. The Releasees are hereby and forever released and discharged with respect to any and all rights, claims and causes of action, whether known or unknown, which any Class Member has or may have against the Releasees that are based on the

Shutdown Agreement, that relate to health benefits, or that involve the same or similar claims or allegations as this litigation, which have arisen or could have arisen up to and including the Effective Date.

8. Neither the entry into this Settlement Agreement nor the consent to this Judgment may be construed as or used as an admission by or against Pabst of any fault, wrongdoing or liability whatsoever. This Settlement Agreement, the settlement, this Judgment and any documents related to any of the foregoing shall not be offered or received in evidence in any civil, criminal or administrative action or proceeding or in any proxy contest, including any against or concerning Pabst other than such actions or proceedings as may be necessary to consummate or enforce the Settlement Agreement.

9. The Notice given to the Class of the Settlement Agreement and the other matters set forth therein was the best notice practicable under the circumstances, including the individual notice to members of the Class who could be identified through reasonable effort. This Notice provided due and adequate notice of those proceedings and of the matters set forth therein to all persons entitled to such notice and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

10. Without affecting the finality of this Judgment, this Court retains continuing jurisdiction over (a) implementation of this settlement; and (b) all parties hereto for the purposes of enforcing and administering the Settlement Agreement and exhibits thereto.

11. In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Judgment shall be rendered null and void and be vacated and the Settlement Agreement shall be rendered null and void.

Dated: _July 15th_, 2009      _____
U.S. District Judge